## In re NORTHEASTERN WATER COMPANIES, Inc.

District Court, N. D. New York.

Aug. 11, 1938.

George M. LePine, of New York City, for debtor.

Sullivan & Cromwell, of New York City (De Lano Andrews, of New York City, of counsel), for International Holding & Investment Co., Limited.

Shearman & Sterling, of New York City (Garrard Winston and George W. Sheldon, both of New York City, of counsel), for intervening petitioners.

BRYANT, District Judge.

On July 19 the above debtor filed an exparte petition under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. An order approving the petition was granted. Among other things, the order temporarily restrained the Schroder Trust Company and International Holding and Investment Company, Limited, from selling, reducing to possession or otherwise disposing of certain shares of common stock of Northeastern Water and Electric Corporation, which stock is held by International Holding Co. as collateral to a $2,100,000 note of debtor. The order also directed the said Schroder Trust Company and International Holding

and Investment Company, Limited, to show cause on July 27 why the restraining clause should not be kept in effect.

On the return day, the International Holding and Investment Company, Limited, opposed the continuance of the restraining order. It based its opposition mainly upon the ground that the petition, and the proposed plan of reorganization filed therewith, are not bona fide proceedings for a reorganization of a corporation within the spirit and intent of Section 77B of the Bankruptcy Act.

Later, and on August 1, an order was issued directing the debtor to show cause on August 5 why George W. Sheldon, a common stockholder of the Northeastern Water and Electric Corporation, and Sarah E. Sheldon and Rachel M. Sheldon, preferred stockholders of said corporation, should not be allowed to intervene and move for a vacation of the order of July 19, 1938, and a dismissal of the original petition, upon the ground that said petition and plan of reorganization as a matter of law was not filed in good faith. Debtor disputes the right of applicants to intervene or make motions of any kind.

The debtor is a wholly owned subsidiary of the Associated Gas and Electric Corporation. It was incorporated June 2, 1937, with a paid-in capital of $1,000 and has its principal office in the city of Ithaca, State of New York. It is strictly a holding company, its principal asset being securities of the Northeastern Water and Electric Corporation of which it owns 85% of the common stock.

On or about July 14, 1937, it purchased 151,947 shares of the common stock of the Northeastern Water and Electric Corporation for $3,200,000. Debtor paid $1,100,000 in cash and gave to International Holding and Investment Co., Limited, its note or notes of $2,100,000, the balance of the purchase price, payable July 14, 1938. The notes were collateralized by the stock purchased. I understand that the $1,100,000 was borrowed by debtor from the Associated Gas and Electric group.

Debtor defaulted in the payment of the $2,100,000 note on July 14, 1938. On or about July 19, it filed its petition under section 77B together with a proposed plan of reorganization. Briefly, the plan of reorganization contemplates taking the following steps:

1. The transfer of all of the property and assets of debtor to the General Gas and Electric Corporation, a directly but not wholly owned subsidiary of the Associated Gas and Electric Corporation, for which the General Gas and Electric Corporation will pay one dollar per share for the outstanding stock of debtor and give its notes for all indebtedness and liabilities of debtor except the expenses of this proceeding and the debtor's liabilities to International Holding and Investment Company. These General Gas, upon consummation of the plan, promises will be paid. At that time, debtor is to be dissolved.

2. Southeastern Electric and Gas Co., a wholly owned subsidiary of General Gas, is to sell and convey to Northeastern Water and Electric Corporation the securities of all public utility subsidiaries owned by it. In payment therefor, the Northeastern Water and Electric Corporation is to deliver its demand note for approximately seventeen million. The Southeastern is then to be liquidated and its remaining assets, together with the demand note, to be transferred and delivered to General Gas, subject to the assumption by General Gas of all of the indebtedness of Southeastern. Upon completion of such liquidation, the name of Northeastern Water and Electric Corporation will be changed to "Southeastern Electric and Gas Company."

3. A new corporation is to be formed to which Northeastern Water and Electric Corporation is to sell and convey, free and clear of all liens, the securities of all its subsidiaries exclusively engaged in supplying water to the public. The new company to deliver to Northeastern Water and Electric Corporation, in full payment, its bonds in the amount of $4,000,000, preferred stock of $3,000,000 liquidation value and common stock of $2,500,000 stated value.

4. The bonds of the new company are to be secured by pledge of securities acquired from Northeastern. Said bonds are to be sold by Northeastern at a price which will produce net proceeds of not less than $3,800,000. The proceeds are to be used by Northeastern Water and Electric Corporation (a) to pay the funded debt of subsidiaries whose securities are to be pledged, (b) to pay expenses connected with the issue, delivery and sale of the securities, including registration etc., (c) to retire its outstanding $3,000,000 bond issue and (d) to apply the balance on notes issued to Southeastern and transferred to General Gas.

5. After the retirement of the $3,000,000 bonds, the Northeastern is to sell to General Gas for $5,500,000 the stock it acquires from the new company. The amount is to be paid by a credit on its demand note.

6. Northeastern Water and Electric Corporation is to sell all of the securities owned by it of corporations supplying electricity to the public. The proceeds to be applied in further part payment of its demand note.

7. General Gas, upon the consummation of the plan, is to pay in cash, out of the funds to be received as aforesaid, the said $2,100,000 note with interest, which is now owned by International Holding and Investment Company.

A study of the plan, outlined above, shows that in addition to the formation of a new company and the elimination of debtor, one other company is to be eliminated and two others, through sale and exchange of assets and securities, will be changed enough to warrant the designation of "reorganization." There is no question but that the three companies affected are sound financially. They are in no wise under nor subject to the jurisdiction of this court. Any reorganization or change of financial structure must come through the voluntary acts of their directors and stockholders. Their only connection with this proceeding is through stock ownership affiliations. The real purpose sought through this proceeding is the holding of debtor in its present status for a time sufficient to permit parties interested, through elimination and reorganization of solvent companies, to obtain money to pay its debts. It is not a proceeding to reorganize under section 77B but rather to use section 77B to restrain creditors while an independent reorganization is being made.

This court does not attempt to state that the proposed plan of reorganization, if carried out, would be advantageous or disadvantageous to the owners of the corporation. That is outside of its province. Here the only question is whether or not the relief sought by debtor is within the purpose, intent and spirit of the statute.

■ The International Holding and Investment Company, Limited, not only opposes continuance of the restraining order but also raises the question that in contemplation of law the petition was not filed in good faith. This issue was submitted upon the papers filed. After careful study of the facts, I hold that debtor is not within the purview of the statute. It is not seeking reorganization through this court but injunction relief only.

Since above matters have been submitted, I have received several letters from stockholders of the Northeastern Water and Electric Corporation voicing objections to the continuance of the proceeding. I have also received communication from debtor that through collaboration with the directors of Northeastern changes have been made in the plan. These do not affect the issue.

■ The petitioners seeking to intervene are not creditors or stockholders of the debtor. Their interest is through ownership of stock in Northeastern Water and Electric Corporation, which corporation is not in this court. Their application to intervene is denied.

Orders may be presented.